UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| Sherri L. Coultrup,<br><br>                       Plaintiff,<br><br>vs.<br><br>The Methodist University, Inc. & Jeffrey A. Zimmerman,<br><br>                       Defendants. | DOCKET NO. 5:09-CV-00273-D |

## ANSWER OF DEFENDANT THE METHODIST UNIVERSITY, INC.

NOW COMES Defendant The Methodist University, Inc. ("Defendant" or "Methodist University"), by and through its undersigned counsel, and answers and responds to the Complaint filed in this action by Plaintiff Sherri L. Coultrup ("Plaintiff" or "Coultrup"), as follows:

### FIRST DEFENSE

In response to the correspondingly numbered paragraphs of Plaintiff's Complaint, Defendant answers and responds as follows:

1. It is admitted that Plaintiff purports to bring an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. It is specifically denied that Plaintiff is entitled to any relief under Title VII. Except as expressly admitted, the allegations in Paragraph 1 of the Complaint are denied.

2. It is admitted that Plaintiff is invoking jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The remaining allegations in Paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in Paragraph 2 of the Complaint are denied.

3. It is admitted that the U.S. Equal Employment Opportunity Commission ("EEOC") issued a "Dismissal and Notice of Rights" in regard to EEOC Charge No. 433-2008-05606, which was signed by EEOC Area Director Thomas M. Colclough on 20 March 2009. It is admitted that the EEOC issued a "Dismissal and Notice of Rights" in regard to EEOC Charge No. 433-2008-06714, which was signed by EEOC Area Director Thomas M. Colclough on 20 March 2009. The contents of Exhibit A and Exhibit B to Plaintiff's Complaint speak for themselves, and no additional response is required. Except as expressly admitted, the allegations in Paragraph 3 of the Complaint are denied.

4. It is admitted that Plaintiff is an adult female. The language of Title VII speaks for itself, and no response is required. Defendant lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4 of the Complaint, and those allegations are, therefore, denied.

5. It is admitted that The Methodist University, Inc. is a North Carolina corporation that was incorporated under a predecessor name, Methodist College, Incorporated, and that Articles of Incorporation were filed with the North Carolina Secretary of State on 1 November 1956. It is admitted that The Methodist University, Inc. has a place of business in Fayetteville, Cumberland County, North Carolina. It is admitted, upon information and belief, that Defendant Jeffrey A. Zimmerman is a citizen and resident of Cumberland County, North Carolina and that Jeffrey A. Zimmerman is Dean of the Reeves School of Business at Methodist University. It is admitted that, at times during Plaintiff's employment at the Methodist University, Inc., Jeffrey A. Zimmerman was Plaintiff's supervisor. The remaining allegations in Paragraph 5 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in Paragraph 5 of the Complaint are denied.

6. It is admitted that Plaintiff began her employment with Methodist University in January 2001 as a part-time Adjunct Professor. It is admitted that Plaintiff was offered the position of Assistant Professor of Marketing in 2002. It is admitted that faculty and students at Methodist University can nominate faculty members for Teacher of the Year, and Plaintiff recruited student nominations. It is admitted that Plaintiff made a presentation at the 2005 United States Association of Small Business and Entrepreneurs conference to start a polling center at Methodist University and was one of a number of people who were awarded $5,000 grants at the conference from the Hughes Coleman Foundation. It is further admitted that Plaintiff was unable to do what she said she would do in her presentation at the conference, and Methodist University therefore returned the grant money to the Hughes Coleman Foundation. It is admitted that a $5,000 grant was made to the Methodist University Students in Free Enterprise (SIFE) organization, which Plaintiff described in her 2004-2005 annual report as follows: "MC SIFE received a $5000 "I Choose Grant" to incorporate a county wide project to help high school students at risk." It is admitted that Plaintiff was the Faculty Advisor for the Methodist University SIFE organization. It is admitted that Plaintiff was offered the position of Director of the Professional MBA at Pinehurst by Methodist University, but that Plaintiff declined to accept this position. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Complaint that "She has also completed every element of her PhD degree from Morgan State University in Baltimore, Maryland except the defense of her dissertation which is scheduled for late 2009," and those allegations are, therefore, denied. Except as expressly admitted, the allegations in Paragraph 6 of the Complaint are denied.

7. The allegations in Paragraph 7 of the Complaint are denied.

8. It is admitted that Defendant's attorney sent a letter to Plaintiff's attorney on 24 July 2008. It is admitted that this letter was drafted and sent after 23 May 2008. Except as expressly admitted, the allegations in Paragraph 8 of the Complaint are denied.

9. The allegations in Paragraph 9 of the Complaint are denied.

10. It is admitted that, at times during Plaintiff's employment at the Methodist University, Inc., Jeffrey A. Zimmerman was Plaintiff's supervisor. The remaining allegations in Paragraph 10 of the Complaint are denied.

11. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint, and those allegations are, therefore, denied.

12. It is denied that Methodist University has any record of Plaintiff reporting sexual harassment and discrimination. Defendant lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12 of the Complaint, and those allegations are, therefore, denied.

13. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint, and those allegations are, therefore, denied.

14. It is denied that Plaintiff was required to spend the night in a hotel in Pinehurst as part of her responsibilities as Marketing Director of the Professional MBA program. It is denied that Plaintiff resigned her position as Marketing Director of the Professional MBA program because of an intolerable close living and working arrangement abused by Dean Zimmerman. Defendant lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14 of the Complaint, and those allegations are, therefore, denied.

15. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint, and those allegations are, therefore, denied.

16. The allegations in Paragraph 16 of the Complaint are denied.

17. The allegations in Paragraph 17 of the Complaint are denied.

18. It is admitted that Dr. Mary Kirchner heard a comment that suggested Plaintiff and Jeffrey Zimmerman were having a consensual affair and told Dean Zimmerman about this comment. It is admitted that Dean Zimmerman then told Plaintiff about the comment. Except as expressly admitted, the allegations in Paragraph 18 of the Complaint are denied.

19. The allegations in Paragraph 19 of the Complaint are denied.

20. The allegations in Paragraph 20 of the Complaint are denied.

21. It is admitted that Dr. Kirchner received a sabbatical for the Fall 2008 semester. It is admitted that Dean Zimmerman sought a faculty member to fill in as department chair until Dr. Kirchner returned from her sabbatical for the Spring 2009 semester. It is admitted that Dean Zimmerman appointed Professor Jim Marcin to temporarily fill the department chair role for the Fall 2008 semester. It is admitted that Dr. Kirchner returned from her sabbatical and resumed her role as department chair. Except as expressly admitted, the allegations in Paragraph 21 of the Complaint are denied.

22. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint, and those allegations are, therefore, denied.

23. The allegations in Paragraph 23 of the Complaint are denied.

24. It is admitted that Plaintiff last reported to work on 30 January 2008. It is admitted that, on 1 March 2008, Methodist University received a fax on a prescription pad from an orthopaedic surgeon in Pittsburgh, PA that did not specify any medical condition and only said Plaintiff would need to be out from work for 12-16 weeks. It is admitted that Plaintiff

completed a "FMLA Leave Request" form on 10 March 2008. The remaining allegations in Paragraph 24 of the Complaint are denied.

25. It is admitted that Methodist University was advertising for a Marketing Professor and Management Professor in or about March 2008. It is admitted that, as of 12 March 2008, Methodist University had not told Plaintiff that she would receive an employment contract for the 2008-2009 academic year, because Plaintiff had abandoned her job in January 2008. The remaining allegations in Paragraph 25 of the Complaint are denied.

26. The allegations in Paragraph 26 of the Complaint are denied.

27. It is admitted that Plaintiff filed a Charge of Discrimination with the EEOC on or about 23 May 2008, which was given Charge No. 433-2008-05606. The contents of Exhibit C to Plaintiff's Complaint speaks for itself, and no additional response is required. Except as expressly admitted, the allegations in Paragraph 27 of the Complaint are denied.

28. It is admitted that, on 11 July 2008, Plaintiff's attorney sent a letter to Methodist University's attorneys asking to be advised about the status of Plaintiff's employment contract. It is admitted that, on 16 July 2008, Plaintiff's attorney sent a letter to Methodist University's attorneys asking to be advised about the status of Plaintiff's employment contract. It is admitted that, on 21 July 2008, Plaintiff's attorney sent a letter to Methodist University's attorneys requesting Plaintiff's contract for the next year. Except as expressly admitted, the allegations in Paragraph 28 of the Complaint are denied.

29. It is admitted that Methodist University, through counsel, sent Plaintiff's attorney a letter on 24 July 2008 in response to the letters from Plaintiff's attorney on 11 July 2008, 16 July 2008, and 21 July 2008. Except as expressly admitted, the allegations in Paragraph 29 of the Complaint are denied.

30. The faculty manual speaks for itself, and no further response is required. It is admitted that Methodist University did not tell Plaintiff that she would not be a faculty member for the 2008-2009 academic year by December 1, 2007 because Methodist University did not yet know that Plaintiff would fail to perform her required faculty responsibilities in December 2007 and did not yet know that Plaintiff would abandon her job in January 2008. Except as expressly admitted, the allegations in Paragraph 30 of the Complaint are denied.

31. The allegations in Paragraph 31 of the Complaint are denied.

32. The contents of the 24 July 2008 letter from Methodist University's attorney to Plaintiff's attorney speak for themselves, and no response is required. To the extent a response is required, the allegations in Paragraph 32 of the Complaint are denied.

33. The allegations in Paragraph 33 of the Complaint are denied.

34. The allegations in Paragraph 34 of the Complaint are denied.

35. The allegations in Paragraph 35 of the Complaint are denied.

36. It is admitted that Plaintiff was paid her regular salary from January 2008 through August 2008. It is admitted that Plaintiff abandoned her job. Except as expressly admitted, the allegations in Paragraph 36 of the Complaint are denied.

37. It is admitted that Plaintiff filed a Charge of Discrimination with the EEOC on or about 8 October 2008, which was given Charge No. 433-2008-06714. The contents of Exhibit D to Plaintiff's Complaint speaks for itself, and no additional response is required. Except as expressly admitted, the allegations in Paragraph 37 of the Complaint are denied.

38. It is admitted that the EEOC issued a Dismissal and Notice of Rights on or about 20 March 2009 for Charge No. 433-2008-05606. It is admitted that the EEOC issued a Dismissal and Notice of Rights on or about 20 March 2009 for Charge No. 433-2008-06714.

The remaining allegations in Paragraph 38 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in Paragraph 38 of the Complaint are denied.

39. Defendant realleges and incorporates by reference its responses to Paragraphs 1-38 of the Complaint as if fully restated herein.

40. The language of Title VII speaks for itself, and no response is required. To the extent a response is required, the allegations in Paragraph 40 of the Complaint are denied.

41. The allegations in Paragraph 41 of the Complaint are denied.

42. The allegations in Paragraph 42 of the Complaint are denied.

43. Defendant realleges and incorporates by reference its responses to Paragraphs 1-42 of the Complaint as if fully restated herein.

44. The language of Title VII speaks for itself, and no response is required. To the extent a response is required, the allegations in Paragraph 44 of the Complaint are denied.

45. The allegations in Paragraph 45 of the Complaint are denied.

46. The allegations in Paragraph 46 of the Complaint are denied.

47. Defendant realleges and incorporates by reference its responses to Paragraphs 1-46 of the Complaint as if fully restated herein.

48. The language of N.C. Gen. Stat. § 143-422.2 speaks for itself, and no response is required. To the extent a response is required, the allegations in Paragraph 48 of the Complaint are denied.

49. The allegations in Paragraph 49 of the Complaint are denied.

50. The allegations in Paragraph 50 of the Complaint are denied.

51. Defendant realleges and incorporates by reference its responses to Paragraphs 1-50 of the Complaint as if fully restated herein.

52. The allegations in Paragraph 52 of the Complaint are denied.

53. The allegations in Paragraph 53 of the Complaint are denied.

54. The allegations in Paragraph 54 of the Complaint are denied.

55. Defendant realleges and incorporates by reference its responses to Paragraphs 1-54 of the Complaint as if fully restated herein.

56. The allegations in Paragraph 56 of the Complaint are denied.

57. The allegations in Paragraph 57 of the Complaint are denied.

58. It is admitted that Plaintiff requested a jury trial. Except as expressly admitted, the allegations in Paragraph 58 of the Complaint are denied.

## Prayer For Relief

Defendant denies that Plaintiff is entitled to any judgment, damages, fees, costs, remedies, compensation, injunctions, or other relief sought in the "Prayer for Relief" paragraphs, including any and all subparagraphs 1-6, of the Complaint.

## SECOND DEFENSE

Defendant denies all allegations in Plaintiff's Complaint that have not been expressly admitted herein.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has failed to assert them within the applicable statute(s) of limitation.

## FOURTH DEFENSE

To the extent Plaintiff has failed to mitigate any damage, any award of damages is barred, in whole or in part, from recovery in this action.

## FIFTH DEFENSE

All actions taken with respect to Plaintiff were made and done in good faith and were based upon legitimate, non-discriminatory, and non-retaliatory business reasons. Defendant did not violate any regulation, law, or established public policy and acted at all times in good faith, reasonably, and justifiably.

## SIXTH DEFENSE

Plaintiff's claims are barred because all actions taken by Defendant with regard to Plaintiff and her employment would have been made and done in the absence of Plaintiff's alleged protected status.

## SEVENTH DEFENSE

All actions taken with regard to Plaintiff and her employment were made and done in good faith and were not impermissibly based upon any unlawful consideration or otherwise the result of any unlawful motive. Defendant has not deprived Plaintiff of any rights under state or federal laws or regulations.

## EIGHTH DEFENSE

Plaintiff was at all times an at-will employee of Defendant.

## NINTH DEFENSE

To the extent that the Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, justification, and/or Plaintiff's actions, inactions, and/or omissions, such doctrines are pled as defenses to this claim.

## TENTH DEFENSE

Defendant has not violated any duty to or right of Plaintiff.

## ELEVENTH DEFENSE

Defendant denies that it has been guilty of any conduct that would entitle the Plaintiff to recover any damages against it, including, but not limited to, any punitive damages.

## TWELFTH DEFENSE

Any claim of the Plaintiff for punitive damages is barred by Defendant's good faith efforts to comply with the applicable law. Further, Defendant asserts that the imposition of punitive damages against it would violate the United States Constitution.

## THIRTEENTH DEFENSE

The reasons for employment decisions regarding Plaintiff were legitimate and were not based upon pretext.

## FOURTEENTH DEFENSE

To the extent Defendant subsequently learns of any additional basis which would have resulted in the denial of continued employment to Plaintiff, such after acquired evidence bars recovery by Plaintiff in whole or in part in this action.

## FIFTEENTH DEFENSE

The conduct on the part of Plaintiff caused all or part of the damages Plaintiff alleges to now seek in her Complaint.

## SIXTEENTH DEFENSE

The Complaint fails to state any claim upon which relief may be granted.

## SEVENTEENTH DEFENSE

Plaintiff fails to state claims for compensatory, treble, and/or punitive damages and attorneys' fees and/or costs.

## EIGHTEENTH DEFENSE

Defendant did not treat Plaintiff differently from any similarly situated employee on the basis of gender, on the basis of Plaintiff's filing of a Charge of Discrimination with the EEOC, or on the basis of any other protected category or classification.

## NINETEENTH DEFENSE

Defendant asserts all statutory and/or common law defenses as may be applicable to the facts asserted or proved in this litigation, and Defendant reserves the right to plead additional defenses upon further discovery.

## TWENTIETH DEFENSE

Plaintiff's claims are barred to the extent that she has failed to timely exhaust the administrative remedies or otherwise timely satisfy the conditions precedent to the claims asserted in her Complaint.

## TWENTY-FIRST DEFENSE

To the extent that it is later determined that an employee of The Methodist University, Inc. committed any intentional unlawful act, which has been and is again expressly denied, such acts were committed without the knowledge of The Methodist University, Inc., were not authorized by The Methodist University, Inc., and were outside the course and scope of the employee's duties. Therefore, The Methodist University, Inc. is not liable under the doctrine of *respondeat superior* or otherwise for the alleged intentional unlawful acts and conducts of such employee.

## TWENTY-SECOND DEFENSE

Any alleged unlawful conduct by any employee of The Methodist University, Inc., while expressly denied, was outside the scope of his/her authority and employment, and any such alleged wrongful conduct was not ratified by The Methodist University, Inc.

## TWENTY-THIRD DEFENSE

Even if an employee of The Methodist University, Inc. committed any wrongful acts, which has been and is again expressly denied, reasonable care was exercised to prevent such acts and Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by The Methodist University, Inc. or to otherwise avoid harm.

## TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to recover punitive damages, on the grounds that Defendant's actions towards Plaintiff were neither willful, wanton, fraudulent, nor malicious.

## TWENTY-FIFTH DEFENSE

Plaintiff's allegations and filing of this complaint are frivolous, groundless, and without foundation, and have been made and done in bad faith.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, Defendant prays for the following relief:

1. That Plaintiff have and recover nothing;
2. That this action be dismissed with prejudice;
3. That Plaintiff bear the costs of this action and that Defendant be allowed any attorneys' fees allowed by law; and
4. All other such relief as this Court may deem necessary.

This the 19th day of August 2009.

POYNER SPRUILL LLP

By: /s/ Susanna Knutson Gibbons
Susanna Knutson Gibbons
N.C. State Bar No. 9815
Kevin M. Ceglowski

N.C. State Bar No. 35703
P.O. Box 1801
Raleigh, NC 27602-1801
Telephone: 919.783.6400
Facsimile: 919.783.1075
Email: sgibbons@poynerspruill.com
ATTORNEYS FOR DEFENDANT
THE METHODIST UNIVERSITY,
INC.

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th of August 2009, I electronically filed the foregoing *Answer* with the Clerk of Court for the United States District Court for the Eastern District of North Carolina by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

This the 19th day of August 2009.

                                                **POYNER SPRUILL LLP**

By: /s/ Susanna Knutson Gibbons
Susanna Knutson Gibbons
N.C. State Bar No. 9815
Kevin M. Ceglowski
N.C. State Bar No. 35703
P.O. Box 1801
Raleigh, NC 27602-1801
Telephone: 919.783.6400
Facsimile: 919.783.1075
Email: kceglowski@poynerspruill.com
ATTORNEYS FOR DEFENDANT
THE METHODIST UNIVERSITY, INC.